Scott B. Lindstrom
Rhett M. Miller
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P.O. Box 910
Burley, Idaho 83318
(208)878-8382 - Phone
(208)878-0146 - Fax
Idaho State Bar ## 9067/11163
scottl@pmt.org
rhett@pmt.org
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES ALAN HUNTER,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; JOHN DOE I; JOHN DOE II,<br><br>      Defendants. | Case No.<br><br>COMPLAINT |

Charles Alan Hunter, Plaintiff, by and through his attorneys of record, PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP, now come before this Court and complain of the United States Government as follows:

**I. JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

1. Plaintiff is an individual who lives at Burley, Cassia County, State of Idaho and thus is a resident of the District of Idaho.

2. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §§1346(b)(1), for money damages as

COMPLAINT – PAGE 1

compensation for loss of property and/or personal injuries that were caused by negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Idaho.

3. This court is vested with jurisdiction pursuant to 28 U.S.C. §1346(b).

4. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Idaho, specifically at Minnetonka Cave located in Bear Lake County, Idaho (hereafter "Minnetonka Cave"), and arose from a slip and fall of Plaintiff at said location.

5. At all times mentioned herein, Defendant United States was and now is the owner and/or possessor of Minnetonka Cave.

6. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiff timely served notice of his claim on the United States Department of Agriculture Forest Service in April 2020 (i.e. Forest Service case #2215830). The United States Department of Agriculture Forest Service assumed responsibility for processing the claim and denied the same via a letter dated February 3, 2021.

## II. EVENTS FORMING THE BASIS FOR THE CLAIM

8. The foregoing allegations are incorporated herein by reference.

9. At all times mentioned, Defendant United States and its employees and agents, had the duty to warn of hidden or concealed dangers and to keep the land in reasonably safe condition. All of the acts or omissions complained of were performed by the Defendant United States, and its employees or agents, including but not limited to Defendants JOHN DOE I and

JOHN DOE II, while acting within the scope of their employment, and within the permission and consent of Defendant United States.

10. On July 4, 2019, Defendants were negligent in that they directed Plaintiff and other visitors to wash their footwear near the entrance of Minnetonka Cave using water in a container, and/or allowed an excessive or unreasonable amount of water to accumulate on the ground and stairs in and about Minnetonka Cave, thereby creating a slippery and hazardous condition, failed to use reasonable care in removing the accumulated water, and/or allowed the ground and stairs to remain in a slippery, dangerous and unsafe conditions.

11. On July 4, 2019, Defendants were also negligent in that they failed to warn Plaintiff of the dangerous conditions created by washing footwear using water in the container and/or by the accumulation of water on the ground and stairs in and about Minnetonka Cave.

12. On July 4, 2019, at approximately 5:10 pm, Plaintiff, while lawfully and properly upon the premises of Minnetonka Cave, and while exercising due care for Plaintiff's safety, slipped and fell on stairs, which slip and fall resulted as a direct and proximate result of the above-referenced wrongful and negligent conduct of Defendants.

13. As a direct and proximate result of such wrongful and negligent conduct, Plaintiff suffered personal injuries, including, but not limited to: left leg, thigh and anterior knee pain, swelling and discomfort; temporary inability to ambulate; difficulty walking and decreased mobility; mild gluteus minimus and medius tendinosis; left pubic hemangioma; left quadriceps tendon rupture, acute; left knee weakness and stiffness; disturbed sleep.

14. As a direct and proximate result of such personal injuries, Plaintiff has been, and will continue to be, in great physical, mental, and emotional pain and distress, all to the Plaintiff's damage in the sum of $10,000.00.

15. As a further direct and proximate result of such personal injuries, Plaintiff has incurred, and will incur, for an indefinite time in the future, medical expenses and obligations as follows: $29,957.04.

16. As a direct and proximate result of such personal injuries, Plaintiff has been required to employee to services of an attorney and has incurred and will continue to incur attorney fees and costs. Plaintiff should be awarded his attorney fees and costs incurred in this matter which, in the event of default, should be the sum of $5,000.00.

17. On April 3, 2020, Plaintiff submitted a claim for personal injuries arising out of the above-described incident with the United States Department of Agriculture Forest Service, ASC Claims Branch, 101B Sun Avenue NE, Albuquerque, NM 87109, in the sum of $45,000.00.

18. The United States Department of Agriculture Forest Service failed to make a final disposition of Plaintiff's claim within six (6) months after it was filed and, pursuant to 28 U.S.C. §2675(a), Plaintiff elects to consider such failure as a final denial of the claim.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment enter against Defendants as follows:

1. General and special damages in the amount of $40,000.00 with interest on such amount as allowed by law from the date of judgment until paid;

2. Attorney fees and costs of suit which, in the event of default, should be $5,000.00;

3. Such other and further relief as the court deems just and proper.

**Plaintiff demands a jury trial be held in this matter.**

DATED this __3rd__ day of __May_____, 2021

PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP

*/s/ Rhett M. Miller*
_____
Scott B. Lindstrom
Rhett M. Miller
Attorneys for Plaintiff

COMPLAINT – PAGE 4

## VERIFICATION

Charles Alan Hunter, being first duly sworn on oath, deposes and says:

That he is the Plaintiff in the above-entitled action, that he has read the contents of the foregoing, knows the contents thereof, and that verily believes the facts stated therein to be true.

_____
Charles Alan Hunter

STATE OF Idaho ) 
             ) ss
County of Cassia )

On this 5th day of Feb., in the year 2021, before me, the undersigned, a Notary Public in and for said State, personally appeared Charles Alan Hunter, known or identified to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.

_____
Notary Public for Idaho
Residing at Murtaugh
My commission expires on 06/02/26

SHELLY WARD
COMMISSION NO. 25975
NOTARY PUBLIC
STATE OF IDAHO

COMPLAINT – PAGE 5